# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY JOHNSON,

    **Petitioner-Defendant,**

v.                                                       **Civil Action No. 1:14-cv-91**
                                                        **Criminal Action No. 1:07-cr-104-5**
                                                        **(Judge Keeley)**

UNITED STATES OF AMERICA,

    **Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On June 2, 2014, Jerry Johnson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:14-cv-91, Docket No. 1; Criminal Action No. 1:07-cr-104-5, Docket No. 446.) Petitioner also filed a memorandum of law in support of his motion. (Civil Action No. 1:14-cv-91, Docket No. 2; Criminal Action No. 1:07-cr-104-5, Docket No. 447.) The undersigned now issues this Report and Recommendation on Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

### II. FACTS

*A. Conviction and Sentence*

On October 16, 2007, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment in which Petitioner was charged with three (3) drug-related offenses. (Docket No. 1.)[1]

---

[1] From this point, all docket entries refer to entries in Criminal Action No. 1:07-cr-104-5.

On January 16, 2008, Petitioner signed a written plea agreement in which he agreed to plead guilty to aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. (Docket No. 57.) On January 22, 2008, Petitioner appeared before United States District Judge Irene M. Keeley to enter his guilty plea. (Docket No. 74.)

Petitioner appeared before Judge Keeley for sentencing on March 27, 2009. (Docket No. 376.) Petitioner's prior convictions qualified him as a career offender, and Judge Keeley determined that Petitioner's Guidelines range called for 151 to 188 months of imprisonment. (Id. at 7:1-14.) However, based upon Petitioner's apparent change in his lifestyle and character, Judge Keeley varied downward from the Guidelines range and sentenced Petitioner to five (5) years of probation. (Id. at 24:22-30-11.)

On November 23, 2009, a Petition for Warrant or Summons for Offender Under Supervision was filed against Petitioner, alleging that Petitioner had committed another federal, state or local crime; that he had not notified the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer; and that Petitioner had failed to participate in drug treatment, counseling, and testing. (Docket No. 250.) Petitioner was arrested and brought before the Court to answer to the Petition. Petitioner appeared before Judge Keeley for a final revocation hearing on April 26, 2010, at which time he admitted that he was guilty of the violations alleged in the Petition. (Docket No. 279 at 1.) Judge Keeley revoked Petitioner's probation and sentenced him to 151 months of incarceration, to be followed by three (3) years of supervised release. (Id. at 2-3.)

### B. *Direct Appeal*

On appeal, Petitioner argued that the 151-month sentence imposed by Judge Keeley was a "plainly unreasonable sentence." United States v. Johnson, 427 F. App'x 276, 276 (4th Cir. 2011)

2

(per curiam). The panel noted that "[w]hen a defendant violates terms of his probation, the district court may revoke the probationary period and resentence the defendant to a term of imprisonment up to the statutory maximum for the original offense." Id. After reviewing the record, the Fourth Circuit concluded that "the revocation sentence is procedurally and substantively reasonable." Id. On October 31, 2011, the Supreme Court denied Petitioner's petition for a writ of certiorari. Johnson v. United States, 132 S. Ct. 530.

## C. First Federal Habeas Corpus

On March 15, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Docket No. 365.) In that motion, Petitioner raised the following claims:

1. Counsel at the State level was ineffective for coercing Petitioner to plead guilty to a statute that was unconstitutional;

2. Federal counsel was ineffective for failing to investigate Petitioner's criminal history and for failing to argue against the career offender enhancement; and

3. Actual innocence of the career offender enhancement.

(Id. at 4-7.) The Government filed a response on June 12, 2012 (Docket No. 385), and Petitioner filed a reply on August 10, 2012 (Docket No. 393). On September 25, 2012, Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R"), recommending that Petitioner's claims be denied on the merits. (Docket No. 412.) On June 11, 2013, Chief United States District Judge John Preston Bailey entered an Order adopting the R&R and denying Petitioner's motion. (Docket No. 428.) Petitioner appealed; however, the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. United States v. Johnson, 544 F. App'x 221 (4th Cir. 2013).

## D. Second Federal Habeas Corpus

In his instant § 2255 motion, Petitioner argues that he is actually innocent of the career offender classification in light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). (Docket No. 446 at 4.)

### III. ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a motion to be considered successive, the first motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Petitioner "concedes that this is a numerically filed § 2255 habeas motion." (Docket No. 447 at 5.) However, he argues that his instant motion is not successive because his challenge to his career offender classification did not become ripe until the Supreme Court issued its decision in Descamps. (Docket No. 5.) Unfortunately for Petitioner, his argument is meritless. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. Petitioner, however, was sentenced as a career

4

offender under U.S.S.G. § 4B1.1, not as an armed career criminal under the ACCA. Accordingly, Descamps is inapplicable to his claim.

Petitioner also asserts that his motion is not second or successive under the Fourth Circuit's recent ruling in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). This argument is also meritless. In Whiteside, the Fourth Circuit held that a petitioner may use a § 2255 motion "to challenge a sentence that was based on the career offender enhancement under the United States Sentencing Guidelines when subsequent case law reveals the enhancement to be inapplicable to him." Id. at 543. The panel further held that such a "mistake results in a fundamental miscarriage of justice that is cognizable on collateral review." Id. Nevertheless, Whiteside was decided on the basis of a first § 2255 motion and has no bearing on whether a subsequent motion should be classified as second or successive.

Here, Petitioner's first § 2255 motion was clearly dismissed on the merits. Thus, the undersigned finds that Petitioner's instant § 2255 motion is a second or successive motion and that he did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion in this Court. Accordingly, pursuant to 28 U.S.C. §§ 2244 and 2255, this Court is without authority to hear Petitioner's instant § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:14-cv-91, Docket No. 1; Criminal Action No. 1:07-cr-104-5, Docket No. 446) be **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive motion.

5

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Jerry Johnson.

DATED: July 24, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE