IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY JOHNSON,**

    Petitioner,

v.                        CIVIL ACTION NO. 1:14CV91
                           CRIMINAL ACTION NO. 1:07CR104-5
                           (Judge Keeley)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, DENYING § 2255 MOTION, AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Dkt. No. 1) filed by the petitioner, Jerry Johnson ("Johnson"). Also pending are the Report and Recommendation ("R&R") of the Honorable John S. Kaull, United States Magistrate Judge, recommending that Johnson's § 2255 motion be denied (Dkt. No. 5). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Johnson's objections, **DENIES** Johnson's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

### I. BACKGROUND

On January 22, 2008, Johnson pleaded guilty in this Court to one count of aiding and abetting the distribution of crack cocaine (Dkt. No. 5 at 2).[1] Johnson also waived his right to directly and

---

[1] Case No. 1:07CR104-5.

**JOHNSON V. USA**                                                          **1:14CV91**

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

collaterally attack his sentence.[2]  See Johnson v. United States, 2013 WL 2896865 at *4-5 (N.D.W. Va. June 11, 2013) (Bailey, J.) (dismissing some of Johnson's claims in his first § 2255 petition as falling within the valid waiver provisions of his plea agreement).

On March 27, 2009, the Court calculated Johnson's guideline range of 151 to 188 months of imprisonment based on his status as a career offender, before varying downward and sentencing him to five years of probation (Dkt. No. 5 at 2).  Less than one year later, however, on November 23, 2009, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision against Johnson, alleging that he had (1) committed another federal, state, or local crime; (2) failed to notify his Probation Officer within 72 hours of being arrested or questioned by law enforcement; and (3) failed to participate in drug treatment, counseling, and testing.  Id.  Johnson admitted to all of these violations during a final revocation hearing held on April 26, 2010, following which the Court revoked his probation and

---

[2] Johnson waived his appellate rights with respect to a sentence imposed using a base offense level of 14 or lower. Johnson's base offense level was a level 14.  Johnson, 2013 WL 2896865 at *4.

**JOHNSON V. USA**                                                1:14CV91

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

sentenced him to 151 months of incarceration, to be followed by three years of supervised release. Id.

After Johnson appealed, on May 4, 2011, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. United States v. Jerry Johnson, 427 Fed. Appx. 276 (4th Cir. 2011) (per curiam) (unpublished), holding that Johnson's sentence was "procedurally and substantively reasonable." The Fourth Circuit also noted that "[t]he district court has broad discretion to impose a probation revocation sentence." Id. at 276. The Supreme Court of the United States denied Johnson's petition for a writ of certiorari on October 31, 2011. Johnson v. United States, 132 S.Ct. 530 (2011).

On March 15, 2012, Johnson filed his first § 2255 petition (Dkt. No. 5 at 3), which the Court dismissed on June 11, 2013. Johnson v. United States, 2013 WL 2896865 at *13 (N.D.W. Va. June 11, 2013) (Bailey, J.). Johnson then appealed to the Fourth Circuit, which denied his appeal on October 25, 2013, after finding that he was not entitled to a certificate of appealability. United States v. Johnson, 544 Fed. Appx. 221 (4th Cir. 2013) (per curiam) (unpublished).

**JOHNSON V. USA**                                                    **1:14CV91**

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

On June 2, 2014, Johnson filed a second § 2255 petition, asking that, in light of the decision of the Supreme Court of the United States in <u>Descamps v. United States</u>, __ U.S. __, 133 S.Ct. 2276 (2013), the Court vacate his sentence and resentence him without the career offender enhancement. He claims that he is actually innocent of his career offender status (dkt. no. 1 at 13; dkt. no. 2 at 2), and contends that, because his claims were not "ripe" until the Supreme Court decided <u>Descamps</u>, he is entitled to file a second § 2255 petition (Dkt. No. 2 at 5). He argues that the rule in <u>Descamps</u>, although "dictated by precedent already existing when [his] conviction became final," "applies to all cases where it is pertinent," and "need not be declared by the Supreme Court to be retroactive in order to apply to cases on collateral review." <u>Id.</u> at 4.

On July 24, 2014, Magistrate Judge Kaull issued an R&R that recommended dismissing Johnson's petition as second and successive (Dkt. No. 5). Johnson objected to this recommendation on September 18, 2014, arguing that his petition cannot be successive

**JOHNSON V. USA** 1:14CV91

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

because it "asserts a claim that was not ripe" when he filed his first § 2255 motion (Dkt. No. 10 at 2).[3]

## II. § 2255 STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A district court may not hear a second or successive motion under § 2255 unless it is certified by a three-judge panel of the appropriate circuit court. 28 U.S.C. §§ 2244(3)(B), 2255(h). The

---

[3] On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews de novo only that portion of the R&R to which a timely objection has been made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of a recommendation as to which no objection has been made, unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Johnson filed objections to the R&R, the Court will review the R&R de novo.

5

**JOHNSON V. USA**                                                    **1:14CV91**

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

three-judge panel must certify that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Not every numerically second petition is "second or successive" within the meaning of § 2255(h). See, e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014); In re Williams, 444 F.3d 233, 234 (4th Cir. 2006). When a petitioner makes a "newly available" claim based on a new rule of constitutional law, however, such a petition is successive under § 2244(b)(2)(A). Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009). In addition, for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), *abrogated on other grounds by* Skinner v. Switzer, 131 U.S. 1289. 131 S.Ct. 1289 (2011). With these legal principles in minds, the Court now turns to an analysis of Johnson's case.

6

**JOHNSON V. USA** 1:14CV91

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

### III. DISCUSSION

It is undisputed that Johnson's first § 2255 petition was dismissed on the merits. See Johnson v. United States, 2013 WL 2896865 at *5-6 (denying for lack of merit Johnson's ineffective assistance claim that his attorney failed to investigate his criminal history). It is also undisputed that Johnson failed to seek approval from the Fourth Circuit before filing the instant second § 2255 petition. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Most importantly, the relief Johnson seeks is newly available based on a "new rule" of constitutional law (Dkt. Nos. 1, 2). He argues that, in light of the Supreme Court's decision in Descamps v. United States, __ U.S. ____, 133 S.Ct. 2276 (2013), this Court's decision deeming him a career offender was erroneous, and that he is actually innocent of the enhancement (Dkt. Nos. 1, 2). Under Garcia, such a petition is successive under § 2244(b)(2)(A). See Garcia, 573 F.3d at 221 ("Indeed, [such petitions are] the reason

**JOHNSON V. USA** 1:14CV91

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

why [court of appeals] authorization is needed to obtain review of a successive petition.").

For all of the reasons discussed, Johnson's petition is subject to dismissal for lack of jurisdiction without the need to address the merits.[4]

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Johnson has not made a "substantial showing of the denial of a constitutional right." See

---

[4] Johnson objected to Magistrate Judge Kaull's conclusion that his petition should be dismissed with prejudice, arguing that "where the magistrate judge has found that this Court is without authority to hear Petitioner's instant motion . . . the authority to dismiss with prejudice is also not vested." (Dkt. No. 10 at 4). Johnson's objection is meritless. See Jackson v. United States, 2013 WL 1849524 at *1 (N.D.W. Va. Apr. 30, 2013) (Bailey, J.) (dismissing with prejudice the petitioner's second or successive § 2555 motion for lack of jurisdiction).

**JOHNSON V. USA**                                                          **1:14CV91**

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, DENYING § 2255
MOTION, AND DISMISSING CASE WITH PREJUDICE**

28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). A careful review of the record establishes that Johnson has failed to make the requisite showing, and the Court therefore **DENIES** a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R, **OVERRULES** Johnson's objections, **DENIES** Johnson's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, and to enter a separate judgment order.
DATED: May 12, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE